FILED
JUPERIOR COURT
OF GUAM

2024 JUN 12 PM 12: 01

CLERK OF COURT

BY:_____ 8m_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| SRLYNN ASKIN,<br><br>Petitioner,<br><br>vs.<br><br>BILLY ALEX RUBEN,<br><br>Respondent. | Protective Order Case No. **PO0095-23**<br><br>**DECISION AND ORDER RE ABILITY TO PAY** |

In this case involving a Family Violence Protection Order, Respondent Billy A. Ruben asks the Court not to impose an order of $500 in financial support against him due to his inability to pay. The Court here finds that his unemployment status does not render him unable to pay the amount ordered and requires that he pay no less than $50 per month.

## I. PROCEDURAL BACKGROUND & FACTUAL FINDINGS

The Court incorporates the factual and procedural background detailed in its April 24, 2024 Decision and Order Partially Granting Motion for Reconsideration. That Decision and Order set this matter for an evidentiary hearing regarding Ruben's ability to pay $500 in financial support as a substitute for failing to return cellphones as previously ordered.

The evidentiary hearing proceeded as scheduled on May 22, 2024. At the hearing, Ruben testified:

1. He is currently unemployed.

2. His last employment ended in February 2024, when he resigned from his position as a server at Applebees. He made minimum wage and earned roughly $200-300

**ORIGINAL**

every two weeks. He also earned tips of about $20-30 per day and worked four days a week.

3. He resigned from Applebees because his car was stolen and he lacked the transportation to get to work. The car was uninsured.

4. He previously worked at the Hilton as a server, pool attendant, and lifeguard.

5. Since resigning from Applebees, he has submitted one application with another employer.

6. Ruben also intends to reapply at Applebees.

7. Ruben lives with his parents and contributes to paying the household expenses.

8. While he is unemployed, he assists his mother who suffered a stroke in September 2023. Additionally, he helps his father sell breadfruit.

9. Ruben received a $500 tax refund for 2022, which he used to pay off his vehicle. He has not yet submitted a tax return for 2023.

At the time of the hearing, Ruben was in custody due to an outstanding bench warrant in CM0727-17. He spent two weeks in confinement and is now released. CM0727-17 (Release from Confinement (May 29, 2024)).

## II.   <u>LAW AND ANALYSIS</u>

As the Court ruled in its April 24 Decision and Order, Guam law allows a court to issue an order against a defendant in a family violence protection order case to provide financial support for the benefit of any minor child in common with the plaintiff. Dec. and Order at 3 (April 24, 2024). Such order may be made on condition that the defendant has the ability to pay. *Id.*; 7 GCA § 40105(a).

ORIGINAL

A respondent's "ability to pay" under this provision has not been addressed by the Guam Supreme Court. However, the Court finds that in the context of this case, which relates to both family support as well as restitution, the standards for payment orders in those types of cases are helpful. According to the Guam Supreme Court, in deciding issues of spousal support, a court must consider the economic circumstances of the parties, including their assets, incomes, earning capacities, needs, and abilities to pay. *Cruz v. Cruz*, 2022 Guam 7, ¶ 39 (Guam Aug. 22, 2022). Moreover, for restitution, the court must examine whether the offender derived a pecuniary gain from the offense, as well as the financial resources of the offender and the nature of the burden that restitution will impose. 9 GCA S 80.52(c), (d). Finally, in cases involving child support, the Guam Supreme Court allows courts to consider "full earning capacity" if the parent is unemployed or underemployed "as a matter of choice and not for reasonable cause." *Richardson v. Richardson,* 2010 Guam 14 ¶¶ 27, 28 ("Both parents have a duty to support their child, and the mere fact that one parent could easily support the child does not relieve the other parent of the duty to earn and contribute to the costs of raising a child.")

In line with these comparable authorities, the Court finds that Ruben has the ability to pay. Ruben may be unemployed at present, but the Court does not find that to render him unable to pay the $500. The Court earlier found that Ruben retained the cell phones; thus, he received a pecuniary gain. Ruben is also able-bodied and willing to resume his employment at Applebees or seek new employment. His unwillingness to do so (with the exception of the time he has been committed) may delay his ability to pay but it does not rule out complying with the requirement. Should Ruben seek re-employment, assuming that employment is at the same wage he previously earned, he will be able to pay $50 per month until the full $500 is paid. Therefore, the Court orders Ruben to pay no less than $50 a month.



## III.   CONCLUSION AND ORDER

The Court determines that Ruben's unemployment does not render him unable to pay. The Court ORDERS him to pay $50 monthly to Askin until paid in full. Restitution shall be paid to the victim through her attorneys on a monthly basis starting within thirty days of this Decision and Order.

FAILURE TO PAY THIS AMOUNT ON A TIMELY BASIS MAY RESULT IN A FINDING OF CONTEMPT OF COURT AND SANCTIONS, WHICH MAY INCLUDE A FINE OR IMPRISONMENT.

**SO ORDERED, 12 June 2024.**

HON. ELYZE M. IRIARTE
Judge, Superior Court of Guam

Appearing Attorneys:
Daniel Somerfleck, Esq., Guam Legal Services Corporation for Petitioner Srlynn Askin
Alisha L. Molyneux, Esq., Public Defender Service Corporation for Respondent Billy Alex
     Ruben

ORIGINAL